UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CENTURY SURETY COMPANY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>BELMONT SEATTLE, LLC,<br><br>　　　　　　Defendant. | CASE NO. C12-823 MJP<br><br>ORDER DENYING MOTION FOR CERTIFICATION, DENYING MOTION FOR PROTECTIVE ORDER, AND DENYING MOTION FOR SANCTIONS |

This matter is before the Court on three motions: Defendant's motion for 28 U.S.C. §1292(b) certification, to stay, and withdraw counterclaims (Dkt. No. 71); Defendant's motion for a protective order (Dkt. No. 69); and Plaintiff's motion for sanctions (Dkt. No. 75). The Court considered all briefing and related documents as to each motion. All motions are DENIED, except Defendant's motion to withdraw its counterclaims is GRANTED.

ORDER DENYING MOTION FOR
CERTIFICATION, DENYING MOTION FOR
PROTECTIVE ORDER, AND DENYING MOTION
FOR SANCTIONS- 1

**Background**

Plaintiff-insurer Century Surety ("Century") originally brought this insurance dispute against Defendant-insured Belmont Seattle, LLC ("Belmont"), seeking a declaration under the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202, that Century had no duty to defend Belmont in an underlying lawsuit brought by a third party for alleged construction defects in Belmont's property. (Dkt. No. 31.) Century asserted this Court has diversity subject matter jurisdiction pursuant to 28 U.S.C. §1332, because the parties are citizens of different states and the amount in controversy exceeds $75,000. (Dkt. No. 1 at 3.) Belmont brought counterclaims for a declaration of rights, including the determination of the extent of coverage, and a claim for extra-contractual relief. (Dkt. No. 16 at 7.)

On December 19, 2012, this Court issued an Order granting summary judgment in favor of Century, deciding exclusions in the relevant insurance policy relieved Century of any coverage obligation. (Dkt. No. 46 at 5.) Belmont appealed the Order. The Ninth Circuit reversed and remanded, finding the record was too bare for summary judgment to have been issued. (Dkt. No. 50.) While the appeal was pending, the underlying case between Belmont and the third party settled, and other insurers paid the settlement. (Dkt. No. 55 at 2.) Century petitioned for panel rehearing en banc, which was denied. (Appellate Dkt. Nos. 26, 30.)

On remand, Belmont moved for summary judgment and attorneys' fees pursuant to Olympic S.S. Co. v. Centennial Ins. Co., 117 Wn.2d 37 (1991), arguing it "prevailed" against Century's claim for declaratory judgment because at the time the underlying lawsuit settled the issue of coverage was unresolved, and therefore the underlying suit was "potentially covered" at the time of settlement. (Dkt. No. 55 at 2.) Belmont also claimed the settlement of the underlying suit rendered moot Century's suit for a declaration regarding the duty to indemnify. (Id.) Century

ORDER DENYING MOTION FOR
CERTIFICATION, DENYING MOTION FOR
PROTECTIVE ORDER, AND DENYING MOTION
FOR SANCTIONS- 2

1  opposed the motion and renewed its own motion for summary judgment, arguing the alienated
2  property exclusion in the applicable insurance policy barred coverage because Belmont "rented
3  or held out for rental" units through its agent. (Dkt. No. 57 at 5-6.)  On April 9, 2014, this Court
4  denied both Parties' motions for summary judgment without prejudice. (Dkt. No. 62.)

5        In ruling on summary judgment the Court addressed the issue of mootness, finding even
6  though the underlying action against the insured settled, the question of Century's duty to
7  indemnify was not moot because the issue of <u>Olympic Steamship</u> fees turned on the resolution of
8  the coverage obligation. (<u>Id.</u> at 5.) Because the judicial determination of coverage had not been
9  made, the Court denied summary judgment as to <u>Olympic Steamship</u> fees. (<u>Id.</u> at 6.) Belmont
10 moved for reconsideration of the Court's order (Dkt. No. 63) and reconsideration was denied.
11 (Dkt. No. 64.)

12       On June 11, 2014, Belmont brought a motion for certification for interlocutory appeal
13 making three requests. First, Belmont asks this Court to certify for interlocutory appeal its
14 decision to deny summary judgment pursuant to 28 U.S.C. §1292(b).  (Dkt. No. 71.) Second,
15 Belmont asks this Court to stay the case if interlocutory appeal is granted. (<u>Id.</u>) Third, Belmont
16 asks to withdraw its counterclaims for declaratory relief and extra-contractual relief. (<u>Id.</u> at 15.)
17 Based on this motion, two issues remain in this case: (1) Century's action for a declaratory
18 judgment as to its duty to indemnify Belmont under the policy at issue with respect to the
19 underlying lawsuit pending at the time of filing and all future lawsuits, which Belmont argues is
20 moot, and (2) Belmont's request for <u>Olympic Steamship</u> fees.

21       In a separate motion, Belmont asks for a protective order from discovery requests
22 pending the resolution of its motion for interlocutory appeal. (Dkt. No. 69.) On July 7, 2014,

23

24
ORDER DENYING MOTION FOR
CERTIFICATION, DENYING MOTION FOR
PROTECTIVE ORDER, AND DENYING MOTION
FOR SANCTIONS- 3

Century brought a motion for sanctions against Belmont pursuant to Local Civil Rule 11(c). (Dkt. No. 75.)

### Discussion/Analysis

I.   Interlocutory Appeal

Certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) allows a decision of a district court which would not ordinarily be appealable for lack of finality to be heard by the appellate court. Certification under this section is appropriate where the district judge is of the opinion that the order at issue "involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" Id. Because interlocutory appeals are a departure from the ordinary final judgment rule, the Ninth Circuit has cautioned that §1292(b) is to be construed narrowly; approval for immediate appeal is "rare." James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). Even where a district court certifies an order for appeal pursuant to §1292(b), the appellate court has discretion to reject the interlocutory appeal, and "does so quite frequently." Id. Because Belmont alleges this Court lacks subject matter jurisdiction and trial is approaching, the controlling question at issue here is whether there is "substantial ground for difference of opinion" regarding this Court's previous Order finding Century's declaratory judgment action not moot. (Dkt. No. 62.)

A.  Applicable law for determining whether a controversy remains live

Federal courts are courts are courts of limited jurisdiction, deriving their subject matter jurisdiction from the Constitution and statute. Kokkonen v. Guardian Life Ins., Co., 511 U.S. 375, 377 (1994). In order for a federal court to have subject matter jurisdiction over a case, there

ORDER DENYING MOTION FOR
CERTIFICATION, DENYING MOTION FOR
PROTECTIVE ORDER, AND DENYING MOTION
FOR SANCTIONS- 4

must be an actual controversy existing for the duration of the case. <u>PUC v. FERC</u>, 100 F.3d 1451, 1458 (9th Cir. 1996). Additionally, the Declaratory Judgment Act provides courts in the United States with jurisdiction to declare the rights and legal relationships of a party seeking declaration only where there is a case of actual controversy. 28 U.S.C. § 2201(a). A "controversy" for the purposes of the Act requires there be substantial dispute between parties having immediate adverse legal interests, and the dispute cannot be abstract or hypothetical. <u>Aetna Life Ins. Co. v. Haworth</u>, 300 U.S. 227, 242 (1937).

In general, a case becomes moot "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." <u>Murphy v. Hunt</u>, 455 U.S. 478, 481 (1982). "In the insurance coverage context, courts clearly establish that there must be an actual dispute between the insurer and insured regarding the rights and obligations conferred by an insurance policy in order to satisfy the case or controversy requirement." <u>Ohio Cas. Ins. Co. v. Chugach Support Servs.</u>, 2010 U.S. Dist. LEXIS 119107, *5 (W.D. Wash. Nov. 8, 2010), citing <u>Haworth</u>, 300 U.S. at 240. "[W]hether there is a 'controversy' is something to be determined on a case-by-case basis considering the facts alleged, under all of the circumstances." <u>Lamar Co., LLC v. Cont'l Cas. Co.</u>, 2006 U.S. Dist. LEXIS 28681, *24 (E.D.Wash. May 4, 2006).

When a federal court is sitting in diversity hearing a state law claim, state law governs the claim. <u>Erie R.R. v. Tompkins</u>, 304 U.S. 64, 78 (1938). It follows that under such circumstances, state law determines whether the claim remains "live." An award of attorneys' fees is also governed by state law when state substantive law applies. <u>Muniz v. UPS</u>, 738 F.3d 214, 219 (9th Cir. 2013).

There is no dispute Washington law governs the substantive coverage question in this case. (Dkt. No. 34 at 8, n.39.) Belmont asserts the determination of whether a claim is moot is

ORDER DENYING MOTION FOR
CERTIFICATION, DENYING MOTION FOR
PROTECTIVE ORDER, AND DENYING MOTION
FOR SANCTIONS- 5

1   controlled by federal law, and the Ninth Circuit has held a fee claim alone does not render a case
2   ongoing when the substantive case is moot. (Dkt. No. 71 at 9-10), U.S. v. Ford, 650 F.3d 1141,
3   1143 (9th Cir. 1981). As discussed above, a determination of whether a case is moot in federal
4   court requires, if the court is sitting in diversity and applying state substantive law, an inquiry
5   into the applicable state law to determine if the circumstances at hand constitute a "controversy"
6   under that law. Belmont's contention that Washington insurance law is irrelevant to the question
7   of whether Century's Washington insurance claim is moot is incorrect. (Dkt. No. 77 at 3.) This
8   Court must look to Washington law to determine if the circumstances present in this case
9   constitute a live controversy.

      B.  Presence of a live controversy

In an earlier denial of summary judgment without prejudice, this Court relied on Allstate Ins. Co. v. Bowen, 121 Wn. App. 879, 882-83 (2004) for the proposition that Belmont's request for Olympic Steamship fees kept alive Century's declaratory judgment action, because whether or not Olympic Steamship fees are appropriate cannot be determined without determining Century's obligations under the insurance policy at issue. (Dkt. No. 62 at 4.) At that time, Belmont also had its own pending declaratory judgment claim and a claim for extra-contractual relief.

The Court acknowledges the circumstances analyzed in Bowen are not exactly identical to those presented here, but finds (for the third time) the reasoning in Bowen supports the conclusion that Century's declaratory judgment action not moot. In Bowen, the underlying lawsuit at issue settled, but the insured in that case had paid toward the settlement and was ordered by the lower court to pay the insured's attorneys' fees. 121 Wn. App. at 882. The declaratory judgment action in Bowen was not moot because the insurer was actively seeking to

ORDER DENYING MOTION FOR
CERTIFICATION, DENYING MOTION FOR
PROTECTIVE ORDER, AND DENYING MOTION
FOR SANCTIONS- 6

recover money paid to the insured. Id. Bowen cites McGary v. Westlake Investors, 99 Wn.2d 280, 281 (1983) to support its conclusion that the declaratory judgment action was not moot despite the underlying settlement. Id. In McGary, a declaratory judgment action was found not moot despite the resolution of an underlying action because attorneys' fees had been imposed below. 99 Wn.2d at 284. Here, Century has only paid Belmont's defense costs, which are unrecoverable as a matter of Washington law. Nat'l Sur. Corp. v. Immunex Corp., 176 Wn.2d 872, 887 (2013). No fees have been awarded in this case, Century did not contribute to the underlying settlement, and Belmont no longer wishes to pursue its own claim for declaratory judgment or extra-contractual relief.

Although McGary and Bowen do not present identical facts to those at issue here, they echo the body of Olympic Steamship law which holds, for Olympic Steamship fees to be awarded, the insured must "prevail" or somehow be found entitled to coverage which it should have been provided in the first instance. McGreevy, 128 Wash.2d at 23. At the very least, there must have been something "wrongful" about the insurer's decision not to provide coverage. For this to be determined, a substantive determination of coverage or, at a minimum, some sort of concession on the part of the insurer is necessary.

Helpful reasoning is presented in a Massachusetts case, Hingham Mut. Fire Ins. Co. v DeWolfe, 2008 Mass. App. Unpub. LEXIS 798 (2008). While the Court recognizes this is an unpublished appellate opinion addressing the insurance law of another state, and therefore is not controlling or particularly persuasive authority, the Court finds the analysis presented informative. In DeWolfe, an insured won an underlying dispute by summary judgment, and the insurer subsequently sought to dismiss the insured from a declaratory judgment action. Id. at *2. The insurer agreed to dismissal contingent upon an agreement she would be reimbursed for

ORDER DENYING MOTION FOR
CERTIFICATION, DENYING MOTION FOR
PROTECTIVE ORDER, AND DENYING MOTION
FOR SANCTIONS- 7

1 litigation costs related to the declaratory judgment action. Id. The insurer refused to reimburse

2 the insured, and sought to have the declaratory judgment action declared moot. Id. The lower

3 court found the controversy moot, but the appellate court reversed, noting Massachusetts has a

4 rule awarding attorneys' fees to an insured who successfully establishes an insurer's duty to

5 defend. Id. at *3. The DeWolfe Court reasoned finding the controversy moot, and thus

6 precluding attorneys' fees, would allow "any insurer who seeks a declaratory judgment on the

7 duty to defend under a reservation of rights [to] draw out that litigation pending the outcome of

8 the underlying suit. If, in turn, the underlying suit is successful, the insurer could claim that the

9 declaratory judgment action is moot and it owes no reimbursement to the insured for the fees she

10 was forced to incur." Id. DeWolfe presents a situation not completely analogous to the

11 circumstances at issue in this case, but it is useful in demonstrating the unique considerations of

12 equity and incentives inherent in insurance law.

13       The circumstance the Court is presented with here is unique because it is the insured, not

14 the insurer, who seeks to have the declaratory judgment action found moot. The insured appears

15 to be under the impression that if the declaratory judgment action is found moot, the insured has

16 "prevailed" or has established it was wrongfully forced to litigate for coverage, for Olympic

17 Steamship purposes. This is not the case. As noted above, Olympic Steamship fees require the

18 insured to be a "prevailing party" and payment is only appropriate "after the judicial

19 determination is made and . . . the insured prevails." Alaska Nat. Ins. Co. v. Bryan, 125 Wn.

20 App. 24, 36 (2004). While Olympic Steamship does not define what it means to "prevail,"

21 Washington Courts have previously defined the term as "one who receives an affirmative

22 judgment in his or her favor" or, if neither party wholly prevails, the party who is "substantially

23 prevailing." Riss v. Angel, 131 Wn.2d 612, 633 (1997). This question "depends upon the extent

24 ORDER DENYING MOTION FOR
CERTIFICATION, DENYING MOTION FOR
PROTECTIVE ORDER, AND DENYING MOTION
FOR SANCTIONS- 8

of the relief afforded the parties." Id. Under the circumstances here, were the Court to find the declaratory judgment action moot, Belmont would not have prevailed because it was granted no relief by the Court, and Century has not admitted coverage or contributed toward the underlying settlement. Under such circumstances Olympic Steamship fees would not be awarded to Belmont.

This Court finds there is no substantial room for disagreement over whether Century's declaratory judgment action is moot, and declines to certify its prior order determining this to be the case. The motion to certify is DENIED, except as to Belmont's unopposed request to voluntarily dismiss its counterclaims, which is GRANTED.

II.     Motion for Protective Order

Belmont seeks a protective order halting discovery during the pendency of this Court's ruling on the motion for interlocutory certification. (Dkt. No. 69.) Because the Court has now decided the motion for interlocutory certification, the motion for a protective order is moot and is DENIED.

III.    Motion for Sanctions

Century moves for Local Civil Rule 11(c) sanctions against Belmont. (Dkt. No. 75.) Century argues Belmont's litigation tactics, which include filing a motion for summary judgment, filing a renewed motion for summary judgment when the first motion was denied without prejudice, and withdrawing the renewed motion and filing a motion for interlocutory appeal, amount to conduct designed to cause unnecessary litigation and expense. (Id. at 3.) Belmont argues it was not being vexatious, but instead engaging in diligent litigation. (Dkt. No. 79.) Belmont states it withdrew its renewed motion for summary judgment and brought its

ORDER DENYING MOTION FOR
CERTIFICATION, DENYING MOTION FOR
PROTECTIVE ORDER, AND DENYING MOTION
FOR SANCTIONS- 9

1  motion for interlocutory appeal because it believed there were genuine grounds for disagreement
2  on the law. (Id. at 5.)

3  Local Civil Rule 11(c) states that any party or attorney who without just cause "multiplies
4  or obstructs the proceedings in a case may, in addition to or in lieu of sanctions and penalties
5  provided elsewhere in [the] rules, be required by the court to satisfy personally such excess costs
6  and may be subject to such other sanctions as the court may deem appropriate." Courts have the
7  inherent power to impose sanctions. See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44
8  (1991). The decision whether to impose sanctions is in the discretion of the Court. Air Separation
9  v. Underwriters at Lloyd's of London, 45 F.3d 288, 291 (9th Cir. 1994).

10 Sanctions are not appropriate in this case. Although the Court found interlocutory appeal
11 inappropriate and denied the motion, the motion was not clearly frivolous. The Court does not
12 find the motions, as filed, vexatious or frivolous such that sanctions would be warranted. To the
13 extent Century raises discovery related concerns, no motions to compel have been filed and no
14 Court deadlines appear to have been violated. It is not apparent discovery has been wrongfully
15 withheld or conducted in bad faith from the communications provided. (Dkt. Nos. 76 and 79.)
16 Sanctions are unwarranted at this juncture and Century's motion for sanctions is DENIED.

## Conclusion

18 Because there is no substantial ground for difference of opinion involving a controlling
19 issue of law in this Court's Order denying summary judgment, Defendant's motion for
20 certification for interlocutory appeal is DENIED. (Dkt. No. 71.) Defendant's motion for a
21 protective order is DENIED as moot. (Dkt. No. 69.) Upon a review of the record, the Court does
22 not find sanctions against Defendant appropriate and Plaintiff's motion for sanctions is DENIED.
23 (Dkt. No. 75.)

ORDER DENYING MOTION FOR
CERTIFICATION, DENYING MOTION FOR
PROTECTIVE ORDER, AND DENYING MOTION
FOR SANCTIONS- 10

The clerk is ordered to provide copies of this order to all counsel.

Dated this 6th day of August, 2014.

Marsha J. Pechman
Chief United States District Judge

ORDER DENYING MOTION FOR CERTIFICATION, DENYING MOTION FOR PROTECTIVE ORDER, AND DENYING MOTION FOR SANCTIONS- 11